# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00918-SMS PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM ACTION, AND AUTHORIZING SERVICE OF PLAINTIFF'S COMPLAINT ON EQUAL PROTECTION CLAIM<br><br>(Doc. 1) |

**Screening Order**

I.   **Screening Requirement**

Plaintiff Perry Robert Avila, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  Plaintiff's Claims

### A.  Equal Protection Claim

Plaintiff, who is Hispanic, alleges that his rights under the Equal Protection Clause of the Fourteenth Amendment were violated when prison officials placed Hispanic inmates on race-based lock-downs in 2007 at the California Correctional Institution in Tehachapi, California.[1] (Doc. 1, Comp., court record pp. 20, 32-34.)

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). Prisoners are protected from racial discrimination by the Equal Protection Clause, Walker v. Gomez, 370 F.3d 969, 973 (2004), and express racial classifications are immediately suspect, Johnson v. California, 543 U.S. 499, 509, 125 S.Ct. 1141, 1146 (2005). Racial classifications are subject to strict scrutiny, and the government bears the burden of proving that the classification was narrowly tailored to serve a compelling government interest. Johnson, 543 U.S. at 505.

"'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

---

[1] Identified as modified programs in Plaintiff's exhibits. (Comp., court record pp. 20, 32-34.)

1. **Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson**

On January 10, 2007, Defendants Meadors and Sullivan issued an update to a modified program affecting Hispanic inmates.[2] The notice listed the restrictions in place, and stated that the investigation into potential violence by Hispanic inmates was continuing, although no significant contraband had been found in a search conducted that day.

On June 22, 2007, Defendants Jones and Gonzalez issued an update to a modified program affecting Hispanic inmates. The notice listed the restrictions in place, and stated that following receipt of information on a possible assault on staff, inmates on Facility IVA would remain on modified program. Although the general notice is applicable to all inmates, certain restrictions appear to have been only applicable to Hispanic inmates.

Finally, on August 16, 2007, and August 23, 2007, Defendants Peterson and Sullivan issued updates to a modified program affecting Hispanic inmates. The notice listed the restrictions in place, and stated that Hispanic inmates would be beginning a gradual return to a normal program.

Plaintiff has adequately alleged that the lock-downs, or modified programs, at issue affected Hispanic inmates only, and Plaintiff has adequately linked Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson to the implementation or authorization of the lock-downs. Because express racial classifications are immediately suspect and the burden is on the government to justify the burdensome classification, Johnson at 505-09, Plaintiff's allegations are sufficient to state a claim under section 1983 against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause.

2. **Defendants Carrasco, Gonzalez, Zanchi, and Cate**

Plaintiff filed inmates appeals challenging the modified programs and complaining about the race-based lock-downs that were affecting Hispanic inmates. Plaintiff seeks to impose liability on Defendants Carrasco, Gonzalez, Zanchi, and Cate based on their failure to grant his appeals, which he alleges would have put a stop to the discriminatory treatment.

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color

---

[2] Defendant Meadors is identified as Meadows by Plaintiff in the complaint. However, Plaintiff's exhibits establish that the correct spelling of Defendant's name is Meadors.

3

of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49.

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), and "[r]uling against a prisoner on an administrative complaint [generally] does not cause or contribute to the violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, the mere fact that Defendants reviewed Plaintiff's appeals and issued decisions that were not in his favor does not give rise to a claim for relief under section 1983.

Further, while a supervisor may be held liable for the constitutional violations of his or her subordinates under section 1983 if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997), mere knowledge is insufficient to impose liability on a prison official for unconstitutional discrimination, which requires purpose, Iqbal at 1949. Therefore, Plaintiff's attempt to hold Defendants liable for racial discrimination because they were placed on notice of it via his inmate appeals fails as a matter of law. Id. These Defendants were not personally involved in intentionally discriminating against Plaintiff and the claim against them is subject to dismissal.[3,4] Id.

---

[3] Defendant Gonzalez was also involved in the continuance of the modified program, as set forth in subsection A(1), and Plaintiff states a claim against him based on those facts. However, Plaintiff's separate claim against Gonzalez based on his involvement in reviewing Plaintiff's inmate appeal will be dismissed.

[4] Defendant Cate did not personally issue a decision on Plaintiff's appeals. The appeals were denied at the Director's Level of review on behalf of Cate by his staff. This clear attempt to impose liability on Cate via respondeat superior is impermissible, other claim deficiencies notwithstanding.

**B.     First Amendment Censorship Claim**

In addition to his equal protection claim, Plaintiff alleges a claim against Defendants Junious and Cate arising from the prison's policy prohibiting the viewing of any movies not rated G, PG, or PG-13 by the Motion Picture Association of America.

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claim arising from the prison's alleged censorship of movies is not related to his claim arising from allegedly discriminatory lock-downs, and the First Amendment claim shall be dismissed from this action, without prejudice, pursuant to Rule 18(a).  If Plaintiff wishes to file a new action raising this claim, he is not precluded from doing so but he may not pursue it in this action.  Id.  The Court expresses no opinion on the merits of the claim.

**C.     Claims for Equitable Relief**

Finally, in addition to money damages, Plaintiff seeks a declaratory judgment and injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for equitable relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has no power to hear the

matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits." S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

The lock-downs at issue in this action occurred in 2007. The case or controversy requirement cannot be met with respect to equitable relief in light of the fact that the claim in this action is confined to past incidents rather than a present controversy as to which effective equitable relief can be granted, rendering the request for equitable relief moot. Gemstar-TV Guide Int'l, Inc., 367 F.3d at 1091; also Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04. Therefore, Plaintiff's declaratory and injunctive relief claims shall be dismissed, and this action shall proceed as one for damages only.

**III.    Conclusion and Order**

Plaintiff's complaint states a claim against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment. However, Plaintiff's claim against Defendants Carrasco, Gonzalez, Zanchi, and Cate based on their consideration and denial of his inmate appeals is not viable and the deficiency is not curable through amendment. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Further, Plaintiff's First Amendment movie censorship claim is not appropriate raised in this action. Fed. R. Civ. P. 18(a); George, 507 F.3d at 607. Therefore, it is HEREBY ORDERED that:

///

///

1. This action shall proceed as one for money damages against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment;

2. Plaintiff's equal protection claim against Defendants Carrasco, Gonzalez, Zanchi, and Cate arising from their consideration and denial of his inmate appeals is dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's First Amendment movie censorship claim is dismissed, without prejudice, pursuant to Rule 18(a);

4. Plaintiff's claims for equitable relief are dismissed for failure to state a claim; and

5. Defendants Carrasco, Zanchi, Cate, and Junious are dismissed from this action.

IT IS SO ORDERED.

**Dated:   December 14, 2009**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE