# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00918-SKO PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART, REQUIRING DEFENDANTS TO SERVE SUPPLEMENTAL RESPONSES, AND GRANTING PLAINTIFF LEAVE TO FILE AN ADDITIONAL MOTION TO COMPEL IF NECESSARY<br><br>(Doc. 20)<br><br>THIRTY-DAY DEADLINE |

**Order Granting Plaintiff's Motion to Compel in Part**

**I.  Procedural History**

Plaintiff Perry Robert Avila, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009.  This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff alleges that in 2007, prison officials at the California Correctional Institution in Tehachapi locked Hispanic inmates down based on race.  The lock-down apparently began on December 5, 2006, following an incident at the prison and continued through an unspecified date in 2007.  (Doc. 1, Comp., ¶¶1-14.)

Pursuant to the scheduling order filed on May 3, 2010, the deadline for the completion of all discovery, including filing motions to compel, was January 3, 2011.  On December 30, 2010,

///

Plaintiff filed a motion to compel responses to his requests for the production of documents, numbers 1 through 4. Defendants filed an opposition on January 7, 2011.

## II.  Plaintiff's Motion to Compel

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

In this instance, however, there are deficiencies with respect to Plaintiff's motion to compel and with Defendants' responses to the discovery requests. Given these deficiencies and in the interest of conservation of the Court's and the parties' resources, the Court elects to reach the merits of Plaintiff's motion to compel, to the extent it is able to do so, rather than deny the motion without prejudice to refiling.

///
///
///

**B.     Requests 1-4**

Plaintiff seeks to compel responses to the following four requests for the production of documents:

> Request 1: All documents that describe and refer to prison officials' decisions to place and retain California Correctional Institution, Facility 4A (CCI 4A) general population prisoners on lockdown or modified programs, including but not limited to all records of decisions reviewed, approved or disapproved by officials whose offices are located at the California Department of Corrections and Rehabilitation (CDCR) main offices at Sacramento, California, or any branch office of the CDCR.
>
> Request 2: All documents that describe or refer to the CDCR and CCI 4A procedures for initiating and maintaining a lockdown or modified program, including but not limited to all documents which list the prison officials and offices charged with the responsibility of directly overseeing and participating in decisions to place and retain general population prisoners on lockdown or modified program.
>
> Request 3: All completed documents entitled "Program Status Report."
>
> Request 4: All documents that describe or refer to Men's Advisory Council (MAC) activity, including the Secretary's notes and minutes of the "Warden's Meeting(s)" and meeting with other prison officials for the purpose of discussing that prisoner population's concerns and complaints.

(Doc. 20, Motion to Compel, p. 17.)

**C.     Defendants' Responses**

Defendants objected to requests 1 and 3 as overly broad and unduly burdensome because a time period was not specified, but notwithstanding those objections, Defendants responded to requests 1, 3, and 4 by stating that they had no responsive documents within their possession, custody, or control. Defendants responded to request 2 by producing select Title 15 regulations. Approximately one week later, Defendants served a supplemental response to request 1 by producing eighty-three Program Status Reports (PSRs) dated January 1, 2007, to September 18, 2007.[1] (Doc. 20, Motion to Compel p. 3, ¶5 & p. 7 n.3.)

**D.     Ruling**

Defendants' objections to the requests as overly broad and unduly burdensome stemming from the lack of a time frame are sustained. Although Plaintiff argues that he provided a time frame in paragraph E of his document production request, the copy provided to the Court lacks a date

---

[1] As noted by Plaintiff in his motion to compel, the Program Status Reports are responsive to request 3.

3

range, suggesting Plaintiff forgot to fill it in before serving it on Defendants.[2] (Motion, Ex. 1, p. 16.) If a request is otherwise meritorious and the failure to produce documents relies solely on an objection relating to time frame or relevancy, it is the Court's practice to limit the request, to the extent that it can, and direct a response. Here, however, Defendants responded that there were no documents to produce, their objections notwithstanding.

Turning to that response, Defendants stated not that no responsive documents exist but that they lack possession, custody, or control over any responsive documents, and they reiterate that position in their opposition to the motion to compel. However, approximately one week after serving their responses, Defendants served a supplemental response in which they produced eighty-three PSRs to Plaintiff. Notably, Defendants also supported their subsequently filed motion for summary judgment with four PSRs.

In responding to Plaintiff's discovery requests, Defendants are required to make a reasonable inquiry and their signed discovery responses certify that they have done so. Fed. R. Civ. P. 26(g)(1). It is unclear to the Court how it is Defendants lack any document access when responding to discovery requests but they shortly thereafter come into possession, custody, or control of the very document type they previously certified as inaccessible. It is perhaps not coincidental that the supplemental response produced the document type relied upon in Defendants' summary judgment motion.

As a result these concerns, Defendants are required to serve supplemental responses to Plaintiff's requests, subject to the following limitations. If no responsive documents exist, Defendants shall so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010). If responsive documents do exist but Defendants claim lack of possession, control, or custody, they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-

---

[2] In his declaration, Plaintiff states that he served the discovery request on October 13, 2010, *prior to* completing the blank spaces. (Doc. 20, Avila Dec., p. 11, ¶7.) If that is an accurate statement, the request in fact lacked the date range.

4

specific evaluation and (2) to evaluate the merit of that response. <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010).

Plaintiff's requests are limited to documents relevant to the lock-down of Hispanic inmates on CCI-IV-A at issue in this action, and the time frame is limited to December 2006 through December 2007.[3]

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed December 30, 2010, is GRANTED in part;

2. Within **thirty (30) days** from the date of service of this order, Defendants shall serve supplemental responses to Plaintiff's requests for the production of documents, numbers 1 through 4, subject to the time and relevancy limitations set forth herein;

3. If Defendants need additional time to comply with this order, they must file a request for an extension of time on or before the expiration of the deadline;

4. Plaintiff is granted **thirty (30) days** from the date of service of Defendants' supplemental responses within which to file a motion to compel; and

5. If Plaintiff files a motion to compel, he is required to specify which discovery requests are the subject of his motion to compel, why the information sought is relevant, and why Defendants' objections are not meritorious.

IT IS SO ORDERED.

**Dated:   March 24, 2011**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff requested documents from October 2006 through March 2008. However, as far as the Court can discern from the complaint, the incident which sparked the race-based lock-down did not occur until December 2006. Plaintiff has not demonstrated how documents generated prior to that incident have any relevance, and the Court declines to order their production. Also, it appears that Hispanic inmates began transitioning out of the modified program in August 2007. While it is unclear when the lock-down Plaintiff complains of was lifted, it appears to have been in August 2007. (Doc. 22-3, Sullivan Dec., ¶24 & Ex. B.) Absent an offer of proof from Plaintiff to the contrary, the end date of December 2007 should be sufficient to net Plaintiff the documents relevant to his legal claim.