# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00918-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND AUTHORIZING ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>(Doc. 35)<br><br>ORDER NOTIFYING PARTIES THAT SUBPOENAS DUCES TECUM WILL ISSUE AFTER FIFTEEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER |

**I.   Background**

Plaintiff Perry Robert Avila, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009. This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment.

On December 30, 2010, Plaintiff filed a motion to compel Defendants to further respond to his requests for the production of documents, 1 through 4. Plaintiff sought to compel responses to the following four requests for the production of documents:

> Request 1: All documents that describe and refer to prison officials' decisions to place and retain California Correctional Institution, Facility 4A (CCI 4A) general population prisoners on lockdown or modified programs, including but not limited to all records of decisions reviewed, approved or disapproved by officials whose offices are located at the California Department of Corrections and Rehabilitation (CDCR) main offices at Sacramento, California, or any branch office of the CDCR.

> Request 2: All documents that describe or refer to the CDCR and CCI 4A procedures for initiating and maintaining a lockdown or modified program, including but not limited to all documents which list the prison officials and offices charged with the responsibility of directly overseeing and participating in decisions to place and retain general population prisoners on lockdown or modified program.
>
> Request 3: All completed documents entitled "Program Status Report."
>
> Request 4: All documents that describe or refer to Men's Advisory Council (MAC) activity, including the Secretary's notes and minutes of the "Warden's Meeting(s)" and meeting with other prison officials for the purpose of discussing that prisoner population's concerns and complaints.

(Doc. 20, Motion to Compel, p. 17.)

Defendants objected to requests 1 and 3 as overly broad and unduly burdensome because a time period was not specified, but notwithstanding those objections, Defendants responded to requests 1, 3, and 4 by stating that they had no responsive documents within their possession, custody, or control. Defendants responded to request 2 by producing select Title 15 regulations. Approximately one week later, Defendants served a supplemental response and produced eighty-three Program Status Reports (PSRs) dated January 1, 2007, to September 18, 2007. (Doc. 20, Motion to Compel p. 3, ¶5 & p. 7 n.3.)

In an order filed on March 24, 2011, the Court granted Plaintiff's motion to compel in part and ordered Defendants to serve supplemental responses to Plaintiff's requests, to more specifically address their objection on the ground that they lack possession, custody, or control of the documents. To that end, if no responsive documents exist, Defendants were directed to state that fact with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. If responsive documents exist but Defendants claim lack of possession, control, or custody, they were directed to state that fact with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.

Additionally, Plaintiff's requests were limited to documents relevant to the lockdown of Hispanic inmates on CCI-IV-A at issue in this action, and the time frame was limited to December 2006 through December 2007. Plaintiff was granted leave to file another motion to compel following his receipt of Defendants' supplemental responses, should one be necessary.

On July 5, 2011. Plaintiff filed another motion to compel further responses to his requests for the production of documents, 1 through 4. Defendants filed an opposition on July 26, 2011.

## II. Discussion

### A. Limitation on Time Frame for Documents Sought

As an initial matter, Plaintiff takes issue with the Court's ruling on March 24, 2011, that his document production requests are limited to December 2006 through December 2007. Plaintiff argues that he is properly seeking documents from October 2006 through March 2008 because he seeks to show, via comparative analysis, that the practice of locking down Hispanics solely based on race was "a constitutional violation in and of itself" and that Defendants "compounded the constitutional violations by means of subjecting Hispanics to harsher lockdowns than the lockdowns imposed upon other races of prisoners." (Doc. 35, Motion, 4:15-18.)

Plaintiff's claim arises from his allegation that in 2007, prison officials at the California Correctional Institution in Tehachapi locked Hispanic inmates down based on race.[1] Express racial classifications are immediately suspect and are subject to strict scrutiny, with the government bearing the burden of proving that the classification was narrowly tailored to serve a compelling government interest. Johnson v. California, 543 U.S. 499, 505-09, 125 S.Ct. 1141 (2005). Thus, at issue are (1) whether Plaintiff was subjected to a race-based lockdown between December 5, 2006, and an unspecified date in 2007, and if so, (2) the government's justification for the race-based lockdown. Other lockdowns are irrelevant and Plaintiff is not entitled to seek broader discovery.

### B. Plaintiff's Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof

---

[1] The lockdown apparently began on December 5, 2006, following an incident at the prison and continued through an unspecified date in 2007. (Doc. 1, Comp., ¶¶1-14.)

3

or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). Alternatively, a party may seek the production of documents from a nonparty via service of a subpoena duces tecum. Fed. R. Civ. P. 45.

In their supplemental discovery responses, Defendants stated that Defendants Sullivan and Gonzalez are retired wardens and Defendants Jones, Meadors, and Peterson are correctional staff members. Defendants asserted that they are not custodians of any records; and that after searching all documents in their immediate possession and all documents within their custody or control, they previously produced all responsive documents.

The documents sought by Plaintiff, limited to December 2006 through December 2007, are relevant to Plaintiff's claim and he is entitled to their production. Fed. R. Civ. P. 26(b)(1). The Court has given the matter due consideration and in light of (1) the nature of the documents sought and (2) the employment positions and statuses of Defendants, Defendants' response is satisfactory at present and the issuance of subpoenas duces tecum directing the production of the documents is currently the more appropriate avenue of relief. Fed. R. Civ. P. 45. Therefore, Plaintiff's motion to compel Defendants to produce the records is denied, but the Court authorizes the issuance of subpoenas duces tecum to be served on the Custodians of Records for the California Correctional Institution and the California Department of Corrections and Rehabilitation. Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoenas following the passage of fifteen days from the date of service of this order.[2]

### III. Order

For the reasons set forth above, it is HEREBY ORDERED that:

1.   Plaintiff's motion to compel, filed on July 5, 2011, is DENIED;

---

[2] The Court will prepare the subpoenas and USM-285 forms.

2. The issuance of subpoenas duces tecum directing the Custodians of Records for the California Correctional Institution and the California Department of Corrections and Rehabilitation to produce responsive documents is authorized; and

3. Pursuant to Rule 45(b)(1), the parties are placed on notice that the subpoenas duces tecum will be issued after **fifteen (15) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:**   **October 17, 2011**     /s/ Sheila K. Oberto
                 UNITED STATES MAGISTRATE JUDGE