# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>                  Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>                  Defendants. | CASE NO. 1:09-cv-00918-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS UNDER RULE 37(B)(2) AND DENYING MOTION TO MODIFY SCHEDULING ORDER AS UNTIMELY<br><br>(Doc. 42)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE A RULE 45 MOTION TO COMPEL PRODUCTION BY CDCR AND CCI |

**Order Denying Motion to Compel and to Modify Scheduling Order**

**I.**    **Procedural History**

Plaintiff Perry Robert Avila, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009. This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment.

On March 24, 2011, the Court granted Plaintiff's motion to compel the production of documents (PODs) in part and ordered Defendants to serve supplemental responses to PODs 1-4, subject to the time and relevancy limitations discussed in the order. On October 18, 2011, the Court denied Plaintiff's subsequent motion to compel responses to PODs 1-4, finding that although Plaintiff was entitled to their production, Defendants did not have the documents in their possession, custody or control and the documents should be obtained via a subpoena duces tecum. Pursuant to

Federal Rule of Civil Procedure 45(b)(1), the Court notified the parties that the subpoenas would issue fifteen days after service of the order.

On November 29, 2011, the Court ordered the United States Marshal to serve subpoenas duces tecum on the California Department of Corrections and Rehabilitation (CDCR) and the Custodian of Records at California Correctional Institution (CCI). The documents were to be produced to Plaintiff for inspection and copying on February 1, 2012, at 3:00 p.m. The subpoenas were returned executed, and on February 7, 2012, the Court ordered Plaintiff to file a status report regarding his ability to oppose Defendants' pending motion for summary judgment.

On February 27, 2012, Plaintiff filed a status report and a motion seeking the imposition of sanctions against Defendants under Federal Rule of Civil Procedure 37(b)(2) and to modify the scheduling order. On March 2, 2012, Plaintiff filed a supplement to his status report and motion. Defendants filed an opposition on March 13, 2012, and Plaintiff filed a reply on May 1, 2012.

## II. Plaintiff's Motion for Rule 37 Sanctions

### A. Plaintiff's Position

In response to the Court's order to submit a status report regarding his ability to oppose Defendants' motion for summary judgment, Plaintiff stated that the documents were not effectively served on him and Defendants' counsel was interfering with the Court's order by informing Plaintiff that some documents would not be produced and that those produced would be in redacted form for Plaintiff's viewing. Plaintiff seeks sanctions against Defendants under Federal Rule of Civil Procedure 37(b)(2).

In support of his motion, Plaintiff submits a memorandum dated February 2, 2012, from M. Kimbrell with the Litigation Department at CSP-Corcoran. (Doc. 42, Motion, Ex. 1.) The memo informed Plaintiff that Defendants' counsel had documents sent to Kimbrell from CCI and any time Plaintiff wanted to review the documents, he should send a request to the Litigation Office, which would then arrange for Plaintiff to review the documents in a secluded place. (Id.) Plaintiff apparently received the memo on February 6, 2012. (Id.) On February 7, 2012, Plaintiff submitted a request to view the documents and he was ducated to review the "incident log" on February 15,

///

2012. (Id., Exs. 2, 3.) After reviewing the documents, Plaintiff filed an inmate appeal requesting that he be provided with copies. (Id., Ex. 4.)

In his supplement, Plaintiff states that on February 24, 2012, he was given a written response to his subpoena by CCI, dated January 25, 2012. (Doc. 43, Supp., court record pp. 5-7.) CCI objected to each document request on the grounds that it is overly broad and unduly burdensome in that it does not seek the production of any specific, readily identifiable documents; and that it seeks the production of privileged and confidential documents which would jeopardize the safety and security of CCI and CDCR and which may violate the privacy rights of third parties. (Id., (quotation marks omitted).) With respect to requests 1, 3, and 4, CCI responded that, without waiving its objections, a reasonable and diligent search was made and the responsive documents were attached, with necessary redactions made. (Id. (quotation marks omitted).) With respect to request 2, CCI refused to produce any documents. (Id., p. 6.)

### B. Defendants' Position

In their opposition, Defendants argue that Plaintiff's request is misplaced because they did not respond to the subpoenas. Rather, Defendants' counsel was retained for the limited purpose of representing CDCR relating to the subpoenas, and CDCR responded on January 26, 2012, objecting on various grounds and producing some documents notwithstanding the objections. (Doc. 44, Opp., Becker Dec., ¶¶4, 7.) CDCR redacted some information and kept the documents while allowing Plaintiff unfettered viewing access. (Id., ¶¶9, 12.) On February 21, 2012, however, Plaintiff's grievance seeking physical custody of the documents was granted and he was given all the documents responsive to the subpoena. (Id., ¶¶13, 14.)

Defendants argue that they cannot be sanctioned, as they were not the responding party and they did not disobey a court order or act in bad faith. Defendants also argue that the issue is moot because Plaintiff now has physical custody of the documents.

### C. Rule 45

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena commanding the production of documents requires the responding party to permit inspection or copying of the materials. Following service of a subpoena duces tecum, the responding party may serve objections

3

fourteen days before the time for compliance or after the subpoena is served, whichever is earlier, and if an objection is made, the serving party may move for an order compelling production or inspection.[1] Fed. R. Civ. P. 45(c)(2)(B). The responding party may be held in contempt for failing to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(e).

Defendants are correct that Plaintiff may not seek sanctions against them under Rule 37 based on CDCR and CCI's failure to fully comply with the subpoenas duces tecum. Rule 37(b)(2) pertains to parties and here, the subpoenas were served on non-parties CDCR and CCI, CDCR and CCI objected and made a partial production, and if further relief is sought, Plaintiff must file a motion seeking an order compelling them to respond. Fed. R. Civ. P. 45(c)(2)(B); see also Forsythe v. Brown, Nos. 3:10-CV-0716-RCJ (VPC), 3:10-CV-0804-RCJ (VPC), 2012 WL 1832671, at *9 (D.Nev. Feb. 6, 2012); Herring v. Clark, 1:05-cv-00079-LJO-SMS-PC, 2011 WL 2433672, at *2 (E.D.Cal. Jun. 14, 2011). Sanctions for failure to comply with a subpoena duces tecum, if appropriate, are limited under Rule 45 to a contempt order against CDCR and CCI. Fed. R. Civ. P. 45(e); Penwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983); Scruggs v. Vance, No. 2:06-cv-0633 KJM KJN P, 2012 WL 423486, at *1 (E.D.Cal. Feb. 8, 2012).

Plaintiff's consternation is understandable under the circumstances set forth, but the subpoenas were issued pursuant to Rule 45 and it is Rule 45 which governs the obligations of and the options available to Plaintiff, CDCR, and CCI. In as much as Plaintiff's request was one for sanctions against Defendants under Rule 37, it must be denied. However, Plaintiff shall be permitted thirty days within which to file a motion to compel CDCR and CCI to produce documents pursuant to Rule 45. Although Defendants, CDCR, and CCI share counsel, upon whom service of the motion shall be made, the motion must be directed at CDCR and CCI, which are the responding parties.

### III. Plaintiff's Motion to Modifiy the Scheduling Order

Plaintiff also seeks to modify the scheduling order to amend his complaint, conduct further discovery, and file a dispositive motion.

///

---

[1] A responding party may also move to quash or modify a subpoena, but CDCR and CCI did not seek such relief. Fed. R. Civ. P. 45(c)(3).

4

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "A scheduling order is not a frivolous piece of paper, idly entered," Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted), and "[t]he schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087.

Pursuant to the operative scheduling order, any request for an extension of a deadline must be made on or before the deadline in question; and the deadline to amend the pleadings was November 3, 2010, the discovery deadline was January 3, 2011, and the dispositive motion deadline was March 14, 2011. Plaintiff filed a timely motion to compel on December 30, 2010, and his subsequent discovery motions have been timely pursuant to various operative orders. However, Plaintiff did not file a timely motion to modify the scheduling order.

While the four document requests at issue in Plaintiff's first motion to compel remain in dispute and have been subject to several more motions and orders, discovery is only ongoing as to those requests and to the limited extent necessary to effect a final resolution. Any request to modify the scheduling order had to have been made prior to the expiration the relevant deadline, as previously stated, and the ongoing nature of this remaining discovery dispute does not provide a ground upon which to set aside the long-expired scheduling order and start anew. Fed. R. Civ. P. 16(b)(4).

**IV.   Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for sanctions against Defendants under Rule 37(b)(2), filed on February 27, 2012, is denied;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff may file a motion to compel CDCR and CCI to produce documents pursuant to Rule 45; and

///

5

3. Plaintiff's motion for modification of the scheduling order, filed on February 27, 2012, is denied as untimely.

IT IS SO ORDERED.

Dated: **July 18, 2012**　　　　　　　　　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE