# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00918-LJO-SKO PC<br><br>ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUIRING DOCUMENT PRODUCTION, (2) REQUIRING PLAINTIFF, CDCR, AND CCI TO MEET AND CONFER REGARDING DOCUMENT DISPUTE, (3) REQUIRING STATUS REPORTS WITHIN SIXTY DAYS IF DOCUMENT DISPUTE CANNOT BE RESOLVED, AND (4) REQUIRING CDCR AND CCI TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH THE SUBPOENA DUCES TECUM<br><br>(Doc. 51)<br><br>Document Production Deadline:　30 days<br>Meet and Confer Deadline:　　　30 days<br>Status Report Deadline:　　　　　60 days<br>OSC Response Deadline:　　　　30 days |

## I.　Procedural History

Plaintiff Perry Robert Avila, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009.  This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson for violation of the Equal Protection Clause of the Fourteenth Amendment.  (Docs. 1, 8.)

The discovery phase of this litigation commenced on May 3, 2010, and it is now closed with the exception of Plaintiff's four requests for the production of documents, which have been the subject of multiple motions to compel.  (Docs. 16, 49.)  Defendants' motion for summary judgment, filed on March 7, 2011, remains unopposed, pending resolution of the outstanding discovery disputes.  (Doc. 22.)

1

On March 24, 2011, the Court granted Plaintiff's motion to compel the production of documents (PODs) in part and ordered Defendants to serve supplemental responses to PODs 1-4, subject to the time and relevancy limitations discussed in the order. (Doc. 25.) On October 18, 2011, the Court denied Plaintiff's subsequent motion to compel responses to PODs 1-4, finding that although Plaintiff was entitled to production, Defendants did not have the documents in their possession, custody or control and the documents should be obtained via subpoenas duces tecum. (Doc. 37.) Pursuant to Federal Rule of Civil Procedure 45(b)(1), the Court notified the parties that the subpoenas would issue fifteen days after service of the order.

On November 29, 2011, the Court ordered the United States Marshal to serve subpoenas duces tecum on the California Department of Corrections and Rehabilitation (CDCR) and the Custodian of Records at California Correctional Institution (CCI). (Doc. 38.) The documents were to be produced to Plaintiff for inspection and copying on February 1, 2012. The subpoena directed to CCI was returned executed, and on February 7, 2012, the Court ordered Plaintiff to file a status report regarding his ability to oppose Defendants' pending motion for summary judgment. (Docs. 39, 41.)

On February 27, 2012, Plaintiff filed a status report and a motion seeking the imposition of sanctions against Defendants under Federal Rule of Civil Procedure 37(b)(2) and to modify the scheduling order, and on March 2, 2012, Plaintiff filed a supplement to his status report and motion. (Docs. 42, 43.) On July 19, 2012, the Court denied Plaintiff's motion for sanctions against Defendants and to modify the scheduling order, and granted Plaintiff thirty days within which to file a motion to compel CDCR and CCI to produce documents. (Doc. 49.)

On August 28, 2012, after obtaining an extension of time, Plaintiff filed a motion seeking to compel CDCR and CCI to comply fully with the subpoena duces tecum and requesting that the Court hold CDCR and CCI in contempt. Fed. R. Civ. P. 45(c)(2)(B), (e). (Doc. 51.) CDCR and CCI filed an opposition on September 12, 2012, and after obtaining several extensions of time, Plaintiff filed a reply on November 2, 2012. (Docs. 53, 56.) Plaintiff's motion has been submitted upon the record and the Court orders as follows. Local Rule 230(l).

///

II. **Discussion**

    A. **Rule 45**

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena commanding the production of documents requires the responding party to permit inspection or copying of the materials. Following service of a subpoena duces tecum, the responding party may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," and if an objection is made, the serving party may move for an order compelling production or inspection.[1] Fed. R. Civ. P. 45(c)(2)(B). The responding party may be held in contempt for failing to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(e).

    B. **Timing of Events**

On November 29, 2011, the United States Marshal was directed to serve CDCR and CCI with the subpoenas duces tecum within twenty days, and on December 21, 2011, the Marshal returned CCI's subpoena with a notice of execution of service on December 13, 2011.[2] (Docs. 39, 40.)

The subpoena directed the production of documents on Plaintiff on February 1, 2012, at 3:00 p.m. Plaintiff attests that on February 6, 2012, he was notified by M. Kimbrell, the prison's litigation coordinator, that a response to the subpoena had been received from CDCR and CCI's counsel, and that Plaintiff could send a review request to the litigation office any time he wanted to review the documents. (Doc. 51, Motion, Ex. 1.) Plaintiff sent a request the next day, but he was not scheduled to review the documents, which were accompanied by the response and objections, until February 15, 2012. (Id., Ex. 2.) It was not until February 24, 2012, after he raised the issue, that Plaintiff was given copies of the documents. (Id., Avila Dec., ¶¶ 9, 11.)

    C. **Timeliness of Objections**

CDCR and CCI contend that their objections, which accompanied their response to the subpoena, were timely served on January 25, 2012. Plaintiff contends that the objections were due

---

[1] A responding party may also move to quash or modify a subpoena, but CDCR and CCI did not seek such relief. Fed. R. Civ. P. 45(c)(3).

[2] CDCR and CCI represent that the subpoena was served on or around December 12, 2011. (Doc. 53, Opp., 2:2-4.)

within fourteen days of service of the subpoena and were untimely.

Although CDCR and CCI argue that Plaintiff's interpretation of the rule is incorrect and they had until February 1, 2012, to respond, the Court does not agree. (Doc. 53, Opp., 20-27.) First, there is no evidence that CDCR and CCI served Plaintiff on January 25, 2012. No proof of service has been provided and Plaintiff's evidence demonstrates that he was not provided with the response and objections until February 15, 2012.

Second, under Rule 45(c)(2)(B), CDCR and CCI were required to serve their objections either (a) before the time specified for compliance, which was February 1, 2012, or (b) 14 days after the subpoena was served, which was December 12, 2012, whichever was *earlier*.[3] Fed. R. Civ. P. 45(c)(2)(B); Ott v. City of Milwaukee, 682 F.3d 552, 557-58 (7th Cir. 2012); Wade v. City of Fruitland, __ F.R.D. __, __, 2013 WL 149484, at *2 (D.Idaho Jan. 14, 2013); Leisure v. Willmark Communities, Inc., No. 11-cv-0443-L (DHB), 2012 WL 4361555, at *3 (S.D.Cal. Sep. 21, 2012); Walker v. Asset Marketing Systems Ins. Servs. LLC, 11-CV-2531-BTM (JMA), 2012 WL 827010, at *3 (S.D.Cal. Mar. 9, 2012); Forsythe v. Brown, 281 F.R.D. 577, 587 (D.Nev. Feb. 6, 2012); Anderson v. Abercrombie and Fitch Stores, Inc., No. 06cv991-WQH (BLM), 2007 WL 1994059, at *2 (S.D.Cal. Jul. 2, 2007). Here, the objections should have been served on Plaintiff within fourteen days of December 12, 2011, and they were not. Accordingly, the Court finds that the objections were untimely.

The failure to timely object usually waives objections, although courts have recognized an exception where the responding party establishes unusual circumstances and good cause for the failure. Kadant Johnson Inc. v. D'Amico, No. 3:12-mc-00126, 2012 1576233, at *3 (D.Or. May 4, 2012); WideVoice Communications, Inc. v. Qwest Communications Company, LLC, No. 2:12-cv-00467-GMN-VCF, 2012 WL 1439071, at *3 (D.Nev. Apr. 26, 2012); Prescott v. County of Stanislaus, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *4 (E.D.Cal. Jan. 3, 2012); Scruggs v. Vance, No. 2:06-cv-0633 KJM KJN, 2011 WL 6368297, at *11 (E.D.Cal. Dec. 19, 2011); Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D.Cal. Dec. 7, 2005); McCoy v. Southwest Airlines Co.,

---

[3] While the Court is aware of the contrary holding in Lopez v. Chertoff, No. CV 07-1566-LEW, 2009 WL 1575209, at *2 (E.D.Cal. Jun. 2, 2009), the Court is neither bound by it nor persuaded by the decision's reasoning.

4

Inc., 211 F.R.D. 381, 385 (C.D.Cal. Nov. 7, 2002). In this case, there has been no showing of unusual circumstances and good cause, and the Court finds that the objections have been waived.

### D. CDCR and CCI's Substantive Response to the Subpoena

Plaintiff seeks the following documents, which were previously limited in scope to the lockdown(s) at CCI, Facility 4A, from December 2006 through December 2007:

> Request 1: All documents that describe and refer to prison officials' decisions to place and retain California Correctonal Institution, Facility 4A (CCI 4A) general population prisoners on lockdown or modified programs, including but not limited to all records of decisions reviewed, approved or disapproved by officials whose offices are located at the California Department of Corrections and Rehabilitation (CDCR) main offices at Sacramento, California, or any branch office of the CDCR.
>
> Request 2: All documents that describe or refer to the CDCR and CCI 4A procedures for initiating and maintaining a lockdown or modified program, including but not limited to all documents which list the prison officials and offices charged with the responsibility of directly overseeing and participating in decisions to place and retain general population prisoners on lockdown or modified program.
>
> Request 3: All completed documents entitled "Program Status Report."
>
> Request 4: All documents that describe or refer to Men's Advisory Council (MAC) activity, including the Secretary's notes and minutes of the "Warden's Meeting(s)" and meeting with other prison officials for the purpose of discussing that prisoner population's concerns and complaints.

(Doc. 39.)

#### 1. Requests 1, 3, and 4

In response to requests 1, 3, and 4, CDCR and CCI object that the request is overly broad and unduly burdensome, and that production jeopardizes the safety and security of the institution; involves privileged, confidential documents; and, with respect to request 4, implicates third party privacy rights. (Doc. 51, Motion, Ex. 4.) Notwithstanding their objections, CDCR and CCI represent that they conducted a reasonable, diligent search and produced the responsive documents, with necessary redactions made. (Id.)

This is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any

5

nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

CDCR and CCI's objections were untimely and have been waived. Notwithstanding the waiver, the Court notes that it previously ruled the documents were discoverable and it narrowed the scope as to time and place; furthermore, boilerplate objections and bare assertions of privilege do not suffice. Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005); Marti v. Baires, No. 1:08-cv-000653-AWI-SKO PC, 2012 WL 2029720, at *5 (E.D.Cal. Jun. 5, 2012); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D.Cal. 1995).

CDCR and CCI are ordered to produce the documents to Plaintiff without redactions within thirty days. The Court will not tolerate the obstruction of discovery. That Plaintiff is a prisoner does not entitle CDCR and CCI to unilaterally modify the subpoena or otherwise conduct themselves as if the Federal Rules of Civil Procedure do not apply. See Marti, 2012 WL 2029720, at *2-3. CDCR and CCI failed to seek any relief from production to which they might have been entitled under the rules and they are required to produce the documents in full. Fed. R. Civ. P. 45(c)(3).

With respect to request 1, Plaintiff represents in his reply that no responsive documents were produced to him. (Doc. 56, Reply, 6:16-7:7.) Rather, one batch of documents was attached to the response, in contravention of Rule 45(d)(1)(A), which requires that they be produced in the ordinary course of business or organized and labeled to correspond to the categories in the demand. Fed. R. Civ. P. 45(d)(1)(A) (quotation marks omitted). (Reply, 6:16-7:7.) Plaintiff states that in responding, "Please see attached documents," CDCR and CCI made it appear that they responded to requests 1, 3, and 4 when they in fact failed to produce any documents in response to request 1. (Reply, 6:16-7:7.)

This is not acceptable. CDCR and CCI shall comply in full with requests 1, 3, and 4, in compliance with Rule 45(d)(1)(A).

With respect requests 3 and 4, the Court is not in a position, based on the present record, to determine that there exist additional documents which were not produced. Plaintiff suggests as much, but his argument is supported by his representation that only CCI produced documents and by conjecture. (Doc. 51, 16:16-17:6.) That CCI produced the documents do not necessarily mean that additional documents remain in the possession CDCR, as both entities are represented by the same counsel and they jointly responded to the subpoena. To the extent that additional documents arguably exist, Plaintiff bears the burden of supporting that position. If he cannot, he and the Court must accept CDCR and CCI's representation that all responsive documents were produced, albeit with impermissible redactions, an issue which has now been addressed.

However, given the record in this case and CDCR and CCI's partial, untimely compliance with the subpoena, the Court is not inclined to blindly accept CDCR and CCI's bare representation that no further documents exist. To that end, the Court shall require Plaintiff, CDCR, and CCI to meet and confer in person or by telephone to discuss the response to requests 1, 3, and 4. If they cannot reach an agreement regarding whether production is complete, they shall file status reports regarding their respective positions. The status reports are limited to five pages, which is more than ample, and the Court does not desire legal argument or citations. The issue is limited to whether there are further documents subject to production with respect to 1, 3, and/or 4, and if it is Plaintiff's position that there are, he must support his position. Plaintiff is cautioned that at this juncture, unless he can support his position, he must accept CDCR and CCI's response that all responsive documents have been produced. Mere speculation that there may be additional documents does not suffice.

**2.      Request 2**

In response to request 2, CDCR and CCI object that the request is overly broad and unduly burdensome, and that production jeopardizes the safety and security of the institution and involves privileged, confidential documents. (Doc. 51, Motion, Ex. 4.) No documents were produced. (Id.)

CDCR and CCI's objections are waived due to their untimeliness, and at no time did they seek to modify the subpoena. Fed. R. Civ. P. 45(c)(3). CDCR and CCI are ordered to produce the responsive documents within thirty days.

///

**D.    Contempt Order**

Under Rule 45, the Court may hold the responding party in contempt for failing without adequate excuse to obey a subpoena duces tecum. Fed. R. Civ. P. 45(e); Penwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983); Scruggs v. Vance, No. 2:06-cv-0633 KJM KJN P, 2012 WL 423486, at *1 (E.D.Cal. Feb. 8, 2012). CDCR and CCI failed to comply with the subpoena which directed the production of the documents to Plaintiff on February 1, 2012. When the documents were shown to Plaintiff for the first time on February 15, 2012, they contained redactions which were made unilaterally in the absence of any court ordered modification or protection; Plaintiff was not provided with the documents until February 24, 2012; and the documents were produced in a manner which does not comport with Rule 45(d)(1)(A).

CDCR and CCI have thirty days from the date of service of this order within which to show cause why they should not be held in contempt. Fed. R. Civ. P. 45(e). Plaintiff may file a reply to their response within thirty days from the date of service of the response.

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion to compel, filed on August 28, 2012, is GRANTED and within **thirty (30) days** from the date of service of this order, CDCR and CCI shall produce unredacted copies of the documents sought in requests 1, 3, and 4;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff, CDCR, and CCI are required to meet and confer either in person or over the telephone regarding the issue of whether there are further responsive documents to requests 1, 3, and 4;

3.  If Plaintiff, CDCR, and CCI are unable to resolve their dispute over the existence of further responsive documents, within **sixty (60) days**, they shall *each* file a status report not to exceed five (5) pages in length regarding their respective positions on the dispute;

4.  Within **thirty (30) days** from the date of service of this order, CDCR and CCI shall show cause why they should not be held in contempt for failing to comply with the subpoena duces tecum; and

5. Plaintiff may file a reply to CDCR and CCI's response to the order to show cause within **thirty (30) days** from the date of service of the response.

IT IS SO ORDERED.

**Dated:** **January 31, 2013**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE