1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

8

PERRY ROBERT AVILA,                    CASE NO. 1:09-cv-00918-LJO-SKO PC

9                    Plaintiff,         ORDER DENYING MOTION FOR
                                        RECONSIDERATION WITH PREJUDICE,
10       v.                             AND REFERRING MATTER BACK TO
                                        MAGISTRATE JUDGE
11   MATTHEW CATE, et al.,
                                        (Doc. 58)
12                   Defendants.
                                        THIRTY-DAY DEADLINE
13   _____/

14

15                          **I. INTRODUCTION**

16          On February 15, 2013, third party entities California Department of Corrections and

17   Rehabilitation ("CDCR") and California Correctional Institution ("CCI") filed a motion seeking

18   reconsideration of U.S. Magistrate Judge Oberto's ("Judge Oberto's") order granting Plaintiff Perry

19   Robert Avila's ("Plaintiff's") motion to compel production of documents and requiring CDCR and

20   CCI to show cause why they should not be held in contempt.  Fed. R. Civ. P. 45(c)(2)(B)(i), (e).

21   Plaintiff filed an opposition on April 20, 2013.[1]  CDCR and CCI did not reply.

22          This Court considered CDCR and CCI's reconsideration motion on the record and, for the

23   reasons discussed below, DENIES reconsideration.

24                          **II. BACKGROUND**

25          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action

26   pursuant to 42 U.S.C. § 1983 on May 26, 2009.  This action is proceeding against Defendants

27   _____

28          [1] Plaintiff's arguments in opposition are not considered because CDCR and CCI failed to meet their burden
     in moving for reconsideration.

1

1   Meadors, Sullivan, Jones, Gonzalez, and Peterson ("Defendants") for violation of the Equal

2   Protection Clause of the Fourteenth Amendment.  Plaintiff's claim arises out of an allegedly race-

3   based lockdown in 2007 at CCI.

4        The dispute presently before the Court is the latest round in what have been protracted

5   proceedings stemming from Plaintiff's attempt to obtain discoverable documents.  As a direct result

6   of Defendants' position that they did not have possession, custody, or control of the documents

7   which were responsive to Plaintiff's four document production requests, subpoenas duces tecum

8   were served on CDCR and CCI in December 2011.  Plaintiff's initial motion for sanctions arising

9   out of CDCR and CCI's non-compliance with the subpoenas was denied on July 19, 2012, on the

10  ground that Plaintiff was limited to seeking redress under Fed. R. Civ. P. 45 and there was no basis

11  for sanctions against Defendants under Fed. R. Civ. P. 37.  Plaintiff subsequently filed a motion to

12  compel on August 28, 2012, and Judge Oberto's order granting that motion is the subject of CDCR

13  and CCI's motion for reconsideration.

## III. RECONSIDERATION STANDARDS

15       Reconsideration motions are committed to the discretion of the trial court.  *Rodgers v. Watt*,

16  722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441

17  (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly

18  convincing nature to induce the court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist.*

19  *v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other*

20  *grounds*, 828 F.2d 514 (9th Cir. 1987).

21       This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

22  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

23  As such, the Court may only set aside those portions of a Magistrate Judge's order that are either

24  clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of*

25  *San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial

26  matters that are reviewed for clear error under Rule 72(a)).

27       A Magistrate Judge's factual findings are "clearly erroneous" when the district court is left

28  with the definite and firm conviction that a mistake has been committed.  *Security Farms v.*

2

1  *International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485,

2  489 (C.D. Cal. 2003). The "contrary to law" standard allows independent, plenary review of purely

3  legal determinations by the Magistrate Judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91

4  (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th

5  Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case

6  law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

7  Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v.

8  Air France*, 210 F.Supp.2d 501, 502 (S.D. N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570

9  F.Supp. 202, 205 (N.D. Cal. 1983).

10      "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo

11  determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

12  1981). "The reviewing court may not simply substitute its judgment for that of the deciding court."

13  *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141

14  (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is

15  able to overturn a Magistrate Judge's ruling "'only if the district court is left with the definite and

16  firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*,

17  50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d

18  926, 943 (7th Cir. 1997)).

19          **IV. WAIVER OF OBJECTIONS TO SUBPOENA DUCES TECUM**

20      Judge Oberto's order (1) granted Plaintiff's motion to compel, (2) required the production

21  of documents, (3) required CDCR, CCI, and Plaintiff to meet and confer regarding document

22  disputes, (4) required status reports within sixty days if the disputes could not be resolved, and (5)

23  required CDCR and CCI to show cause why they should not be held in contempt for failing to

24  comply with the subpoenas. Fed. R. Civ. P. 45(c)(2)(B)(i), (e).

25      CDCR and CCI first challenge Judge Oberto's ruling that their objections to the subpoenas

26  duces tecum were untimely and therefore waived. Fed. R. Civ. P. 45(c)(2)(B).

27      In their motion for reconsideration, CDCR and CCI concede that their objections were

28  untimely, but they argue that untimely objections may be considered where good cause is shown and

3

1   that in this instance, good cause exists to set aside the waiver.  CDCR and CCI argue that Judge

2   Oberto erred in failing to set aside the waiver.

3       In their brief opposition to the underlying motion to compel, CDCR and CCI argued only that

4   their objections to the subpoenas duces tecum were timely served.  Judge Oberto found that the

5   objections were untimely because they were not served either before the time specified for

6   compliance or fourteen days after the subpoena was served, whichever was earlier.  Fed. R. Civ. P.

7   45(c)(2)(B).  Judge Oberto then acknowledged that courts have recognized an exception to the

8   waiver rule where the responding party establishes unusual circumstances and good cause for the

9   failure, but she found that no showing of unusual circumstances or good cause was made.  *E.g.*,

10  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. Dec. 7, 2008).

11      Judge Oberto did not err in finding that CDCR and CCI's objections were untimely, and she

12  did not err in finding that the objections were waived in light of CDCR and CCI's failure to

13  demonstrate unusual circumstances and good cause to set aside the waiver.  CDCR and CCI are

14  attempting to use reconsideration as a vehicle through which to obtain a second bite at the apple via

15  the presentation of arguments and evidence which should have been, but were not, presented to the

16  Magistrate Judge.  *See In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule

17  60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it

18  does not provide a second chance for parties who made deliberate choices).

19      CDCR and CCI's motion for reconsideration is denied.

20  ## V. ORDER TO SHOW CAUSE

21      CDCR and CCI also seek relief from Judge Oberto's order to show cause why they should

22  not be held in contempt for failing to comply with the subpoenas duces tecum.  Fed. R. Civ. P. 45(e).

23  Judge Oberto's order provided in relevant part:

24  Under Rule 45, the Court may hold the responding party in contempt for failing
    without adequate excuse to obey a subpoena duces tecum.  Fed. R. Civ. P. 45(e);
25  *Penwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983); *Scruggs
    v. Vance*, No. 2:06-cv-0633 KJM KJN P, 2012 WL 423486, at *1 (E.D.Cal. Feb. 8,
26  2012).  CDCR and CCI failed to comply with the subpoena, which directed the
    production of the documents to Plaintiff on February 1, 2012; when the documents
27  were shown to Plaintiff for the first time on February 15, 2012, they contained
    redactions which were made unilaterally in the absence of any court ordered
28  modification or protection; Plaintiff was not provided with the documents until

4

1    February 24, 2012; and the documents were produced in a manner which does not
     comport with Rule 45(d)(1)(A).
2

3    CDCR and CCI have thirty days from the date of service of this order within which
     to show cause why they should not be held in contempt.  Fed. R. Civ. P. 45(e).
     Plaintiff may file a reply to their response within thirty days from the date of service
4    of the response.

5         CDCR and CCI's response in opposition to the underlying motion to compel was to stand

6    on their untimely and unsupported objections to the subpoenas and to argue that they fully complied

7    with Plaintiff's requests.

8         Judge Oberto did not err in finding that CDCR and CCI waived their objections to the

9    subpoenas, however, as discussed in section IV.  Further, Judge Oberto's findings that CDCR and

10   CCI failed to produce the documents by the date specified in the subpoena, CDCR and CCI operated

11   outside of the governing rules of federal civil procedure by making redactions as they saw fit rather

12   than seeking relief to which they might have been entitled under the rules, and CDCR and CCI failed

13   to produce the documents in a manner which comported with Rule 45(d)(1)(A) are entirely supported

14   by the record.

15        In seeking reconsideration, CDCR and CCI attempt to supplement the record with arguments

16   and evidence they failed to present in opposition to the motion to compel considered by Judge

17   Oberto.  Neither CDCR and CCI's response to the subpoenas nor their opposition to Plaintiff's

18   motion to compel were trial runs, entitling them to another opportunity should stonewalling and

19   minimal responsive effort prove unsuccessful.  CDCR and CCI made deliberate choices in the

20   underlying proceedings and they may not now seek a second chance to supplement the record.  *In*

21   *re Pacific Far East Lines, Inc.*, 889 F.2d at 250.

22        Judge Oberto's order to show cause why CDCR and CCI should not be held in contempt is

23   supported by the record and the motion for relief from that portion of the order is denied.

24              **VI. THREAT TO INSTITUTIONAL SAFETY AND SECURITY**

25        Finally, CDCR and CCI argue that the Court is required to modify a subpoena if it "requires

26   the disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R.

27   Civ. P. 45(c)(3)(A)(iii).  However, the Court does not *sua sponte* modify subpoenas, and at no time

28   did CDCR and CCI file a motion seeking to modify or quash the subpoenas.  *See Moon*, 232 F.R.D.

at 637 (moving party bears the burden of persuasion on a motion to quash).  The Court will neither grant "reconsideration" on an issue which was never previously raised nor consider for the first time an issue which should be raised before the Magistrate Judge on a properly noticed motion.  Fed. R. Civ. P. 45(c)(3)(A)(iii); Local Rule 230(j); Local Rule 302(c)(1), (c)(17), (d).

CDCR and CCI's request for relief on this issue is a perpetuation of a litigation strategy which causes needless delay and constitutes an abuse of the Court's resources.  Rather than complying with the Federal Rules of Civil Procedure and seeking the relief which is provided for therein, CDCR and CCI continue to operate outside of the rules and then attempt to prevail upon the Court to save them from the fallout of their litigation tactics.[2]  The Court is weary and unsympathetic.  There is no reasonable explanation for CDCR, CCI, and their counsel's continued failure to avail themselves of the relief provided for in the rules of federal civil procedure.

## VI. ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1.      CDCR and CCI's motion for reconsideration, filed on February 15, 2013, is DENIED, with prejudice;

2.      CDCR and CCI are required to comply with Judge Oberto's order, with those deadlines commencing upon service of this order;

3.      If CDCR, CCI, and/or Defendants believe, in good faith, that production of the unredacted documents will jeopardize the safety and security of the institution, they

---

[2] CDCR and CCI's motion for reconsideration represents yet another instance of skirting or disregarding the rules.  There has been no showing that Judge Oberto's ruling were clearly erroneous or contrary to law.  Instead, CDCR and CCI want this Court to overturn Judge Oberto's rulings based on new arguments and evidence which they could have but did not present to her.  That is not the function of reconsideration.

CDCR and CCI also seek to do an end-run around filing a motion to modify the subpoenas duces tecum by representing that this Court is required to modify the subpoenas.  Conveniently omitted from CDCR and CCI's citation to Rule 45(c)(3)(A) are the words "[o]n timely motion."  Almost one year ago, Judge Oberto pointed out explicitly the absence of a motion to quash or modify the subpoenas and yet no appropriate action was taken by CDCR and CCI.  (Doc. 49, Order, p. 4 n.1.)

If CDCR and CCI desire to have the subpoenas modified due to the threat of disclosure of privileged or protected matter, they are required to file a motion for relief before Judge Oberto, who will determine whether it is timely given the lapse of almost eighteen months since the subpoenas were served and if it is timely, whether relief should be granted.  Fed. R. Civ. P. 45(c)(3)(A)(iii); Local Rule 302(c)(1), (17).  In that motion, CDCR and CCI may propose alternatives directed at preserving institutional safety and security, such as the appointment of counsel mentioned in their motion for reconsideration.

may, on or before the thirty-day deadline for production, seek appropriate relief under the Federal Rules of Civil Procedure;[3] and

4.      This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

**Dated:**   **June 6, 2013**            **/s/  Lawrence J. O'Neill**
                                                                      UNITED STATES DISTRICT JUDGE

---

[3] Fed. R. Civ. P. 26(c), 45(c)(3).