# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00918-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF COUNSEL, AND RELATED RELIEF<br><br>(Docs. 81 and 88) |

Plaintiff Perry Robert Avila ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009. This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson ("Defendants") for violation of the Equal Protection Clause of the Fourteenth Amendment. (Docs. 1, 8.) Plaintiff's claim arises out of allegedly race-based lock-downs in 2007 at California Correctional Institution ("CCI") in Tehachapi, California. On May 9, 2014, Plaintiff filed a motion seeking class certification. Fed. R. Civ. P. 23. Defendants filed an opposition on May 27, 2014, and Plaintiff filed a reply on August 8, 2014.

Plaintiff is entitled to represent himself in federal court, 28 U.S.C. § 1654, but "[t]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities," *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *accord C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D.Cal. 2014); *see also Fymbo v. State*

*Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (Pro se litigant "cannot adequately represent the putative class."); *Mackenzie v. Hutchens*, No. SA CV 12-00502 VBF (JC), 2013 WL 8291758, at *1 (S.D.Cal. Nov. 9, 2013) ("[A]s a matter of law, *pro se* litigant who is not an attorney is not qualified to fairly and adequately represent the interests of the members of the putative class."). Accordingly, Plaintiff's request for class certification is necessarily denied. Fed. R. Civ. P. 23(a)(4). Plaintiff's request for leave to file supplemental briefing, set forth in his reply, is denied in light of this ruling; and his request for a stay of his motion so that he may see reconsideration of the Magistrate Judge's screening order is denied as moot.[1]

In his reply, Plaintiff seeks the appointment of class counsel. While Plaintiff may seek counsel on his own, the Court declines to do so. Plaintiff lacks a constitutional right to the appointment of counsel in this action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and the Court will request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) only if exceptional circumstances exist, *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved, and neither consideration is dispositive; they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In this case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. At this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970. To the contrary, the record is replete with evidence demonstrating Plaintiff's ability to articulate his claims.

---

[1] Plaintiff filed a motion for reconsideration on October 17, 2014, and it was denied in an order issued concurrently with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for class certification, filed on May 9, 2014, is DENIED on the ground that Plaintiff, as a pro se litigant, cannot represent others;

2. Plaintiff's motion for the appointment of counsel, filed on August 8, 2014, is DENIED; and

3. Plaintiff's requests for leave to file supplemental briefing and for a stay of his class certification motion pending his ability to file a motion for reconsideration of the Magistrate Judge's screening order, filed on August 8, 2014, are DENIED.

IT IS SO ORDERED.

Dated:   **February 21, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE