# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:09-cv-00918-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 89) |

**I.    Background**

Plaintiff Perry Robert Avila ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009.  This action is proceeding against Defendants Meadors, Sullivan, Jones, Gonzalez, and Peterson ("Defendants") for violation of the Equal Protection Clause of the Fourteenth Amendment.  (Docs. 1, 8.)  Plaintiff's claim arises out of allegedly race-based lock-downs in 2007 at California Correctional Institution ("CCI") in Tehachapi, California.

On December 15, 2009, the Court screened Plaintiff's complaint, found that Plaintiff was attempting to impose liability on Defendants Carrasco, Gonzalez, Zanchi, and Cate for failing to grant his inmate appeals, and dismissed them from the action.[1]  28 U.S.C. § 1915A.  (Doc. 8.)  In doing so, the Court noted the absence of liability (1) under *respondeat superior*, (2) based on

---

[1] At the time the orders were issued, this was a consent case.  28 U.S.C. § 636(c); Appendix A(k)(4), Local Rules of the Eastern District of California; *Wilhelm v. Rotman*, 680 F.3d 1113, 1118-21 (9th Cir. 2012).  (Doc. 7.)

1 Defendants' mere administrative review of Plaintiff's inmate appeals, and (3) under a supervisory
2 liability theory. In short, the Court found no causal connection between the equal protection
3 violation and actions or omissions attributable to Defendants Carrasco, Gonzalez, Zanchi, and
4 Cate. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013);
5 *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652
6 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

7 The Court also dismissed Plaintiff's First Amendment censorship claim, which arose out of
8 a prison policy prohibiting movies not rated G, PG, or PG-13. This claim was dismissed without
9 prejudice to renewal in a separate action based on improper joinder and no finding was made as to
10 its merits. Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also*
11 *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

12 Finally, the Court dismissed Plaintiff's claims for equitable relief on the ground that
13 Plaintiff was seeking relief for the past violation of his constitutional rights at a different prison,
14 which precluded him from entitlement to injunctive or declaratory relief. 18 U.S.C. §
15 3626(a)(1)(A); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Rhodes v. Robinson*, 408
16 F.3d 559, 565-66 n.8 (9th Cir. 2005).

17 On February 1, 2010, Plaintiff filed a motion seeking an order recognizing his First and
18 Eighth Amendment claims or granting him leave to file a partial amendment to his complaint
19 clarifying his claims. (Doc. 10.) On February 5, 2010, the Court denied Plaintiff's motion on the
20 grounds that his complaint does not state a claim for violation of the First or Eighth Amendment,
21 and amended pleadings must be complete within themselves. (Doc. 11.)

22 On October 17, 2014, Plaintiff filed a motion seeking reconsideration of the Court's two
23 orders. Defendants did not file a response.

24 **II.**     **Legal Standard**

25 Based on the nature of Plaintiff's motion, the Court construes it as a motion for relief under
26 Federal Rule of Civil Procedure 60(b)(6), which allows the Court to relieve a party from an order
27
28

2

for any reason that justifies relief.[2]   Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

**III.   Discussion and Order**

The Court's screening order was detailed and set forth the bases for the ruling, precluding any plausible argument that the order was unclear or otherwise misleading. Plaintiff subsequently sought to have the Court "take cognizance of First and Eighth Amendment claims" or in the

---

[2] Motions for relief brought pursuant to Rule 60(b)(1) through (3) must be brought within one year. Fed. R. Civ. P. 60(c)(1). No grounds for relief under those subsections is apparent from the motion, but such a motion would be timed barred in any event. *Id.*

alternative, to amend to make those claims clear.  (Doc. 10.)  Plaintiff's motion was based on his position that he "explicitly" or "impliedly" pled First and Eighth Amendment claims based on the conditions which resulted from the lock-downs, and he cited to the sections of his complaint he contended stated claims.[3]  (*Id.*)   Based on the allegations in the complaint, the Court declined to recognize that there were cognizable First and Eighth Amendment claims pled and declined to grant Plaintiff leave to partially amend.[4]

Plaintiff's motion for relief from those orders, brought almost five years after the first order was filed, presents no grounds entitling him to relief.  A motion for reconsideration is not a vehicle by which a litigant may seek to obtain a fresh look by a second set of eyes with the hope of a different result.  *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880; *Westlands Water Dist.*, 134 F.Supp.2d at 1131.  The issues presented by Plaintiff do not amount to "extraordinary circumstances" entitling him to reconsideration of the orders.  Fed. R. Civ. P. 60(b)(6); *Harvest*, 531 F.3d at 749.  Accordingly, Plaintiff's motion for reconsideration, filed on October 15, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **February 21, 2015**           /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

---

[3] Doc. 1, Comp., ¶¶3, 7, 9, 10, 14.

[4] Plaintiff mischaracterizes the ruling as denying his motion for leave to amend. At that juncture, Plaintiff had the right to amend once as a matter of course, but Plaintiff did not file an amended complaint. Fed. R. Civ. P. 15(a)(1). Rather, he sought to amend to make explicit his pursuit of First and Eighth Amendment claims. The Court construed the request as one to partially amend and it denied the motion on the ground that partial amendment was not permissible and an amended pleading must be complete within itself. Local Rule 220; *see also Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc) (amended complaint supercedes prior complaint). Notably, the amended pleadings deadline was November 3, 2010, but Plaintiff did not, following the denial of his motion to partially amend, file a motion seeking leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). (Docs. 16, 18.) Even *if* it could be argued that the Court misconstrued the motion as seeking to partially amend, Plaintiff had ample opportunity to file an amended complaint that was complete within itself, either initially as a matter of course or, following Defendants' answer, by filing a motion seeking leave to amend.