# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY ROBERT AVILA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-00918-LJO-SKO (PC)<br><br>ORDER FOLLOWING *IN CAMERA* REVIEW OF DOCUMENTS RESPONSIVE TO THIRD PARTY DOCUMENT PRODUCTION REQUESTS 2 AND 3<br><br>(Doc. 80)<br><br>THIRD PARTY DOCUMENT PRODUCTION DEADLINE: 20 DAYS<br><br>PLAINTIFF'S DEADLINE TO RESPOND TO MSJ: 30 DAYS FROM DATE OF PRODUCTION |

**I.　Procedural History**

Plaintiff Perry Robert Avila ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2009. Plaintiff is a Hispanic inmate who alleges that Warden Sullivan, Chief Deputy Warden Gonzalez, and Lieutenants Meadors, Jones, and Peterson ("Defendants") violated his rights under the Equal Protection Clause of the Fourteenth Amendment. (Docs. 1, 8.) Plaintiff's claim arises out of allegedly race-based lockdowns at California Correctional Institution ("CCI") in Tehachapi, California. At issue in this case are three lockdowns of Hispanic inmates on Facility IV-B at CCI, identified as follows: (1) Program Status Report ("PSR") number CCI-IV-06-049, initiated following battery on an inmate with a weapon involving Hispanic inmates on December 5, 2006;

(2) PSR number CCI-IVA-07-018, initiated following confiscation of a note on May 21, 2007, indicating a planned assault; and (3) PSR number CCI-IVA-07-026, initiated following an attempted murder involving Hispanic inmates on August 4, 2007. (Doc., 1, Comp., ¶¶2, 8, 12 & court record pp. 20, 32-34.)

As narrowed down by numerous prior discovery orders, there remains one discovery dispute at issue: the confidential documents potentially responsive to Requests 2 and 3 sought from third parties CCI and California Department of Corrections and Rehabilitation ("CDCR") via subpoenas duces tecum. Fed. R. Civ. P. 45. Request 2 seeks all documents that describe or refer to the CDCR and CCI 4A procedures for initiating and maintaining a lockdown or modified program, including but not limited to all documents which list the prison officials and offices charged with the responsibility of directly overseeing and participating in decisions to place and retain general population prisoners on lockdown or modified program. Request 3 seeks all completed documents entitled "Program Status Report." The scope of Plaintiff's discovery requests was previously limited to documents between December 2006 and December 2007. CCI and CDCR contend that the remaining documents sought by Plaintiff pose a risk to institutional safety and security. On February 6, 2014, the Court ordered CCI and CDCR to submit the documents for *in camera* review and they complied on February 24, 2014. Fed. R. Civ. P. 26(c).

**II.     Discussion**

    **A.     Background**

The scope of discovery is broad but the information sought by Plaintiff must be relevant to his legal claim, which arises from the denial equal protection. Fed. R. Civ. P. 26(b)(1). All racial classifications are subject to strict scrutiny. *Johnson v. California*, 543 U.S. 499, 505, 125 S.Ct. 1141 (2005). Express racial classifications are immediately suspect, *Johnson*, 543 U.S. at 505, and to survive constitutional scrutiny, prison officials must "show that reasonable men and women could not differ regarding the necessity of a racial classification in response to prison disturbances and that the racial classification was the least restrictive alternative (i.e., that any race-based policies are narrowly tailored to legitimate prison goals)," *Richardson v. Runnels*, 594 F.3d 666, 671 (9th Cir. 2010) (citing *Johnson*, 543 U.S. at 505). Thus, the information possessed by prison

officials and upon which they relied to initiate and continue the lockdowns of Hispanic inmates is relevant to Plaintiff's claim. However, relevant documents may still be subject to a protective order to ensure that the safety and security of staff and inmates are not compromised through the disclosure of confidential information. Fed. R. Civ. P. 26(c); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for *in camera* review or move for a protective order).

### B.     Request 2

The Court has reviewed the restricted volume of CDCR's Departmental Operations Manual governing institutional lockdown procedures, responsive to Request 2, and finds that on balance, most of the contents are irrelevant while release of the procedures could jeopardize the safety and security of the institution, and could jeopardize the integrity of investigation process itself. Knowledge of CDCR's general confidential unlock procedures is of no assistance to Plaintiff in attempting to prove the substance of his claim; prison officials will be required to show that the race-based lockdowns were justified by specific security concerns, and the general procedural steps prison officials take toward all yard "unlocks" are not relevant to the substance of

what they did and why they did it in these three specific instances. However, Plaintiff is entitled to production of the following limited portions of the two sections[1] which relate to notice and written reporting: (1) "Notification and reporting requirements" under "55015.5 Definitions," page 55015-4; (2) "55015.10 Notification Requirements," page 55015-8;[2] and (3) "55015.16 Written Reporting Requirements," page 55015-14, the first three sentences only.  Accordingly, CDCR and CCI shall produce only those limited portions of the Sections 55015.

### C. Request 3

Request 3 seeks all completed documents entitled "Program Status Report." The scope of Plaintiff's discovery requests was previously limited to documents between December 2006 and December 2007, and the Court has reviewed the PSRs and supporting documents. The only relevant documents pertain to PSR number CCI-IV-06-049, PSR number CCI-IVA-07-018, and PSR number CCI-IVA-07-026. As the crux of this case is what specific threat to institutional safety and security existed to justify the continued lockdown of Hispanic inmates, what prison officials knew and when they knew it are relevant. Fed. R. Civ. P. 26(b). However, Plaintiff's need for the identities of the specific inmates involved in the investigation as victims, suspects, and/or witnesses, is minimal at best and is greatly outweighed by the potential threat to the involved inmates and to institutional safety and security, should the inmates' identities be disclosed. Fed. R. Civ. P. 26(c)(1). Therefore, CDCR and CCI shall produce to Plaintiff the confidential memoranda that accompany the PSRs, subject to redaction of information which can be used to identify the involved inmates. This includes names, CDCR numbers, and specific cell numbers. With respect to PSR CCI-IVA-07-026, CDCR and CCI need not produce the typewritten interview questions or the handwritten note. The note itself cannot be produced to Plaintiff without risking identification of the inmate-author through his handwriting; and the contents of the note as reproduced in the memorandum dated August 30, 2007, suffices, subject to any necessary redaction.

---

[1] CDCR and CCI produced the section in effect from December 2006 to June 2007 and the revised section in effect from July 2007 and December 2007.

[2] Pages 55015-8 and 55015-9 of the July 6, 2007, revision.

4

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty (20) days** from the date of service of this order, CDCR and CCI are required to produce the following portions of the restricted volumes of CDCR's Departmental Operations Manual governing institutional lockdown procedures, subject to Request 2: (1) "Notification and reporting requirements" under "55015.5 Definitions," page 55015-4; (2) "55015.10 Notification Requirements," page 55015-8; and (3) "55015.16 Written Reporting Requirements," page 55015-14, first three sentences only;

2. Within **twenty (20) days** from the date of service of this order, CDCR and CCI are required to produce the confidential memoranda which are the subject of Request 3;[3]

3. If CDCR and CCI deem further clarification or broader redaction necessary due to institutional safety and security concerns, they have **fifteen (15) days** from the date of service of this order to file additional briefing;

4. The Court shall retain the documents submitted for *in camera* review pending resolution of this case, at which time it will return the documents to CDCR and CCI; and

5. Plaintiff has **thirty (30) days** from the date of service of the redacted memoranda to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment (doc. 22).

IT IS SO ORDERED.

Dated:   **February 25, 2015**              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Limited to PSR number CCI-IV-06-049, PSR number CCI-IVA-07-018, and PSR number CCI-IVA-07-026; and subject to redaction of inmates' names, CDCR numbers, and cell numbers.